Dear Mr. Conner:
On behalf of Plaquemines Parish Government (the "Parish") you have requested an opinion of this office regarding the applicability of the Louisiana Public Lease Law (LA.R.S. 41:1211 et seq.) to two current lease agreements between the Parish and Deep Delta Houseboats, LLC. The first lease you reference in your request was executed in 1986 with a primary term of 15 years with (3) five-year options. The second lease was executed in January 2000, with a primary term of 5 years with (1) five year option. Both leases were subject to competitive bidding and related to undeveloped immovable property. During the first seven years of the first lease and in accordance with the terms of the lease the lessee constructed permanent improvements to the property.
Specifically you inquire as to whether, pursuant to R.S. 41:1217, the Parish can grant an extension of 30 years from either the end of the initial term of the existing leases, or from the end of the first option term of the existing leases. A review of LA.R.S. 41:1217 and related jurisprudence should provide guidance on the possible extensions for both leases.
LA.R.S. 41:1217 has been amended twelve times since 1962. A different statute existed in 1986 when the first lease was signed. That lease was for an original 15 year term with (3) five year options. Our interpretation deals only with the statute in its present form, which includes the 2003 revisions. An initial conflict appears to exist with the first lease due to the fact that the original lease was for 15 years. LA.R.S. 41:1217 clearly states then and now that:
 "[a]ll leases executed under the provisions of this Part shall be for a period not exceeding ten years."
A similar conflict was considered by the Fourth Circuit Court of Appeals in Plantation on the Green v. Gamble, where it was held that compliance with the subsequent subsections of LA.R.S. 41:1217 during the original term provides as an exception to this initial 10-year limitation. Plantation on the Green v. Gamble, 441 So.2d 299 (La.App. 4 Cir. 1983). In Plantation the initial lease was for a fifty-year term and required improvements with a minimum value of $600,000. At the time the lease was executed R.S. 41:1217 allowed for extensions of ten years for every ten thousand dollars of improvements or additions made to the land not to exceed sixty years. The court concluded that the amount of improvements satisfied the statutory requirement that an initial lease period in excess of ten years is allowed when the improvements exceed the amount required for an extension. Under Plantation, an initial lease exceeding 10 years would not void the lease provided that the actual lease (initial term, contractual extensions and statutory extensions) does not exceed the amount of time allowed by law.
According to correspondence provided to our office, $500,000.00 worth of improvements were made to the property within the first seven years of the original 15-year term. R.S. 41:1217 (A) (1) (b), allows for a 30-year extension from the end of the original or any additional term of the lease when the lessee adds or contracts for permanent improvements to be constructed, placed or made upon the land that exceed one hundred fifty thousand dollars. Under these facts and pursuant to LA.R.S. 41:1217, as interpreted by Plantation, a 40-year lease would be in compliance with the statute. This is calculated by adding an original 10-year term to the 30-year extension allowed for a lessee who makes at least $150,000.00 worth of improvements. In this case the Parish has, in effect, agreed to only a twenty-year extension of the initial 10-year term by agreeing to a lease with a 15-year term with (3) five-year options for a total of 30 years. Due to the amount of the improvements the Parish could have granted a thirty-year extension. Thus there is another 10-year extension that the Parish can grant the leasee. Should the Parish be willing to grant this extension at this time rather than at the end of the last option term there is nothing in the law that would prohibit the parties from amending the lease to add the remaining option years to the last 10-year extension. If this extension is not granted, the lease would expire according to its terms and the land, together with any improvements, would revert back to Parish subject to public bid.
There are consequences if the Parish opts to extend the lease to a total of 40 years in relation to the perpetual lease clause found in LA.R.S. 41:1217 (A) (2) (c), which states:
 When the lease has been extended to forty years under this Paragraph, the lessee shall be allowed to extend the lease for additional ten-year periods as long as the qualifying permanent improvements remain intact, or reconstructed by the end of the ten-year term in the event of fire, storm, or other acts of God, and as long as the lessee continues to meet all other conditions of the lease.
This essentially shifts the power to the lessee to extend the lease beyond the allowable 40 years provided the improvements stay intact. This is evident by the comments to Act 375 of the 1999 Regular Session, which reveals a legislative intent to "extend leases of certain public lands beyond forty years." However, it is well cited in Louisiana jurisprudence that perpetual leases are void as against public policy. IP TimberlandsOperating Co. v. Denmiss Corp., 93-1637, 657 So.2d 282, 291 (La.App. 1 Cir. 5/23/95). This principle of law is codified in LA.R.S. 41:1292 which states, with respect to leases of public lands, that "[i]n no instance shall the period of such lease exceed ninety-nine years" Therefore, if after the total contractual term of 30 years expires, and if the Parish decides to extend the lease to the allowable 40 years, thereby granting a statutory extension of 10 years, the Lessee would then have the option of extending the lease for five 10-year terms and one 9-year term. Although the sixth extension would be a valid 10-year extension under LA.R.S.41:1217 (A) (1) (c), the lease would be void after the ninth year due to conflicting laws, jurisprudence and public policy.
As mentioned above, this same analysis is applicable to the second lease since the Lessee intends to construct permanent improvements in excess of $150,000.00. Both parties are bound by their contractual obligations under the current lease, but the lease would be subject to an extension request of 30 years after the original 10-year term expires. If this extension is not granted, the lease would expire according to its terms and the land, together with any improvements, would revert back to Parish subject to public bid. An extension by the Parish to a lease with a total of 40 years would give the Lessee the opportunity to then go beyond the 40 years, in 10-year increments, up to 99 years.
We trust this answers your inquiry.
 CHARLES C. FOTI, JR. Attorney General
 BY: ____________________ RICHARD L. MCGIMSEY Assistant Attorney General
CCF, jr./RLM/dam